IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **MAURICE DOUGLAS COOPER,** | * | |
| **Plaintiff** | * | |
| v. | * | Civ. No. DLB-25-2415 |
| **BOSLEY,** *et al.*, | * | |
| **Defendants** | * | |

**MEMORANDUM OPINION**

Maurice Douglas Cooper filed a civil rights complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed in forma pauperis, which the Court now grants. ECF 1 & 2. Cooper, who is currently incarcerated in the Harford County Detention Center on violation of probation charges, is suing two Maryland State Troopers, the Harford County Commissioner, the Harford County "A.D.A.," Harford County, and the Maryland State Police for malicious prosecution and unreasonable seizure in violation of the Fourth Amendment, denial of due process as a pretrial detainee in violation of the Fourteenth Amendment, and cruel and unusual punishment in violation of the Fifth Amendment. ECF 1, at 5. Title 28 U.S.C. § 1915(a)(1) permits an indigent litigant to commence an action in this Court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii), 1915A(b). Because Cooper fails to state a claim, the complaint is dismissed.

**I.    Background**

Cooper's claims concern a criminal prosecution against him for charges of attempted second degree murder, assault, theft, reckless driving, and related charges. *See State v. Cooper*, Case No. C-12-CR-21-000980 (Harford Cnty., Md. 2021), *available at*

https://mdecportal.courts.state.md.us/MDODYSSEYPORTAL/. Cooper alleges that he was improperly arrested by State Trooper Bosley and taken to Harford County Detention Center where he was held without being told the basis for his arrest. He claims that Bosley and State Trooper Batista along with their supervisor, the Harford County Commissioner, and the Harford County "A.D.A." used perjured statements and fabricated an affidavit that was submitted to the State's Attorney's Office to obtain charges against him. ECF 1, at 7.

Cooper recounts the events, as he recalls them, that culminated in his arrest. He claims that he was at a rest stop for tractor trailers, saw someone take his jacket, followed that person, and took his jacket back. *Id.* at 10. Cooper got into his tractor trailer and started to turn it around, but when it started rolling down the ramp, he put on the brakes and inspected it. *Id.* Cooper got back into the truck, tried to figure out how to turn around, and "began to call the law, when someone's head with sunglasses covering there [sic] eyes was in the passenger side window." *Id*. at 11. Cooper claims he could not see that this was a State Trooper and could not see the police car. *Id.* Because he had just taken his jacket back from someone, he worried the person outside was committing a "freight robbery." *Id*. Therefore, when Trooper Bosley told Cooper to take the keys out, Cooper did not comply. *Id.* Cooper put the engine in neutral, no longer saw Trooper Bosley outside the truck, and pulled away "as safely as possible." *Id*. He had no cell service, so he parked and got out of his truck and walked around to find a signal. *Id*. at 12. He was confronted by Maryland State Troopers wielding assault rifles, drawn and pointing in his direction along with a K-9 officer at their side. *Id*. Cooper was arrested and was not told why he was being detained. *Id*. He states that he spent time in administrative segregation. *Id.* at 13, 16.

Cooper states that video footage surfaced showing there was no probable cause for his arrest. *Id.* at 13–14. First, there was footage from his truck that "clearly establishes no probable

[cause]," and that footage was shared with a Harford County attorney. *Id.* at 13. Then, three to four months after his arrest, Cooper was in court, and his attorney told him that "new footage has just been delivered to Harford County A.D.A. John Doe" that "contradict[s] the charges and police report." *Id.* at 14. The Harford County attorney did not play the footage in court. *Id.*

According to the state court docket, on June 15, 2022, Cooper entered a guilty plea to second degree assault and reckless driving. ECF 1-1. Twenty-three remaining charges (the most serious of which were attempted second degree murder and first-degree assault) were given a nolle prosequi disposition. *Id.* On October 4, 2022, Cooper was sentenced to ten years, all but four years suspended, with five years of probation. He was released from custody on October 25, 2023, and a warrant was issued for violation of probation on July 17, 2025, which appears to be the reason he is confined in Harford County currently.

In this lawsuit, Cooper asserts his constitutional rights have been violated, and he seeks damages pursuant to 42 U.S.C. § 1983.

## II.    Discussion

### A. Pending Claims

The United States Code provides a federal cause of action for any individual who believes a state actor has deprived him or her of a constitutional right. *See* 42 U.S.C. § 1983; *City of Monterey v. Del Monte Dunes*, 526 U.S. 687, 707 (1999). The statute "is not itself a source of substantive rights, but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). Two elements are essential to state a claim under § 1983: (1) plaintiff must have suffered a deprivation of "rights, privileges or immunities secured by the Constitution and

laws" of the United States; and (2) the act or omission causing the deprivation must have been committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Cooper pled guilty to the criminal charges for which he is currently on probation. The disposition of his underlying criminal case matters because a false arrest claim, such as the one Cooper is attempting to advance here, requires him to show that his arrest was made without probable cause. *See Brown v. Gilmore*, 278 F.3d 362, 367 (4th Cir. 2002). Probable cause exists if "at that moment the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense." *Beck v. Ohio*, 379 U.S. 89, 91 (1964); *see Smith v. Munday*, 848 F.3d 248, 253 (4th Cir. 2017). A probable cause determination is governed by a totality of the circumstances test. *See Illinois v. Gates*, 462 U.S. 213, 230 (1983); *Munday*, 848 F.3d at 253. "Under Maryland law, a conviction determines conclusively the existence of probable cause, regardless of whether the judgment is later reversed in a subsequent proceeding." *See Ghazzaoui v. Anne Arundel Cty.*, 659 F. App'x 731, 733–34 (4th Cir. 2016) (quoting *Zablonsky v. Perkins*, 187 A.2d 314, 316 (Md. 1963)). There is "an exception, however, if 'the conviction was obtained by fraud, perjury or other corrupt means.'" *Id.* at 734 (quoting *Zablonsky*, 187 A.2d at 316).

Cooper's convictions for second degree assault and reckless driving show conclusively that there was probable cause for his arrest. *See Ghazzaoui*, 659 F. App'x at 733. Cooper makes conclusory assertions that his conviction was obtained by fraud, perjury, and corruption, but he has not supported these bald assertions with any objective facts. Even if his retelling of the events that led to his arrest explains his actions, it does not mean that the officers, based on the knowledge

4

they had at the time, did not have probable cause to arrest him. Cooper cannot state a claim for false arrest.

Turning to Cooper's malicious prosecution claim, that claim fails too. In Maryland, "a prima facie case of malicious prosecution must include (1) the initiation or maintenance of a proceeding against the plaintiff by the defendant; (2) termination of that proceeding favorable to the plaintiff; (3) lack of probable cause to support that proceeding; and (4) the defendant's malice." *Lambert v. Williams*, 223 F.3d 257, 260 (4th Cir. 2000) (citing W. Keeton, *et al.*, Prosser & Keeton on Law of Torts 874 (5th ed. 1984)); *see Heck v. Humphrey*, 512 U.S. 477, 484 (1994) (noting a malicious prosecution claim requires "termination of the prior criminal proceeding in favor of the accused"). Thus, "a cause of action for malicious prosecution does not accrue until the criminal proceedings have terminated in the plaintiff's favor." *Heck*, 512 U.S. at 489. The criminal case against Cooper has not terminated in his favor, and he therefore cannot state a claim for malicious prosecution.

Cooper also claims his Fourteenth Amendment due process rights as a pretrial detainee were violated when he was held in administrative segregation. ECF 1, at 16. To state a claim for unconstitutional conditions of pretrial confinement, a pretrial detainee must allege "that the condition or restriction was imposed with an express intent to punish or was not reasonably related to a legitimate nonpunitive government objective." *Timms v. U.S. Att'y Gen.*, 93 F.4th 187, 191 n.8 (4th Cir. 2024) (quoting *Matherly v. Andrews*, 859 F.3d 264, 275 (4th Cir. 2017)); *see also Short v. Hartman*, 87 F.4th 593, 611 (4th Cir. 2023) (noting plaintiff can state a claim based on a "governmental action" that "is not 'rationally related to a legitimate nonpunitive governmental purpose' or is 'excessive in relation to that purpose'"). Simply put, "it is sufficient that the plaintiff show that the defendant's action or inaction was . . . 'objectively unreasonable.'" *Short*, 87 F.4th

5

at 611 (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015)). However, "not every inconvenience encountered during pretrial detention amounts to 'punishment' in the constitutional sense." *Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988) (citing *Bell v. Wolfish*, 441 U.S. 520, 537 (1979)).

Cooper does not provide any details about being held in administrative segregation, other than stating it was for 23 hours per day. He does not attribute the alleged wrongful confinement to administrative segregation to a specific defendant or explain why it is wrongful. He says, in conclusory terms, that the confinement was unreasonable, but he provides no specific facts to support his assertion. This claim is dismissed without prejudice.

Cooper claims his Fourteenth Amendment due process rights also were violated when the government suppressed exculpatory evidence. "[T]he prosecution's suppression of evidence that is favorable to an accused 'violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.'" *Burgess v. Goldstein*, 997 F.3d 541, 550 (4th Cir. 2021) (quoting *Brady v. Maryland*, 373 U.S. 83, 87 (1963)). But, "exculpatory information is not 'suppressed' when a criminal defendant is already aware of it." *Id.* (quoting *Barnes v. Thompson*, 58 F.3d 971, 975–77 (4th Cir. 1995)). Here, even if the videos contained exculpatory evidence, Cooper was aware of them before he pled guilty. Some of the allegedly exculpatory video footage came from Cooper's truck, and Cooper learned about the other footage in court, through his attorney. ECF 1, at 13–14. So, Cooper was aware of the video footage during the prosecution of his criminal case and before he pled guilty. He cannot state a due process violation based on the alleged suppression of the video evidence.

Cooper also claims cruel and unusual punishment in violation of the Fifth Amendment. It appears that Cooper is attempting to allege a conditions-of-confinement claim under the Fifth

6

Amendment similar to the one he raised under the Fourteenth Amendment. To state a Fifth Amendment claim, a plaintiff must allege federal government action. *See Dusenbery v. United States*, 534 U.S. 161, 167 (2002) ("The Due Process Clause of the Fifth Amendment prohibits the United States, as the Due Process Clause of the Fourteenth Amendment prohibits the States, from depriving any person of property without 'due process of law.'"). Cooper only alleges state action. This claim is dismissed.

### B. Pending Motions

Cooper also filed motions for appointment of counsel, ECF 4, 6, 19; a motion for a subpoena, ECF 7; a motion for service of process, ECF 11; and a motion for the Court to rule on his pending motions, ECF 13. Because his complaint is dismissed, these motions are denied as moot.

Additionally, Cooper filed a motion for leave to amend his complaint to add Sgt. Michael Mart, Assistant State's Attorney Salvatore D. Fili, and seven Maryland state police as defendants. ECF 10. Courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "A motion to amend should only be denied when 'the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.'" *ACA Fin. Guar. Corp. v. City of Buena Vista*, 917 F.3d 206, 217–18 (4th Cir. 2019) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999)); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). If the individuals whom Cooper identifies were added to the complaint as defendants, Cooper still would fail to state a claim. Therefore, his motion is denied because amendment would be futile. *See ACA Fin. Guar. Corp.*, 917 F.3d at 217–18.

Cooper also filed a motion regarding judicial misconduct, alleging that the Court's delay in adjudicating his case showed that the Court was prejudiced or biased against him because he is

7

a "pro se indigent prison litigant." ECF 15, at 2. The Court construes this as a motion for disqualification or recusal.

Under 28 U.S.C. § 144, if a party "files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party," then the judge "shall proceed no further therein, but another judge shall be assigned to hear such proceeding." When the party has counsel, the affidavit must "be accompanied by a certificate of counsel of record stating that it is made in good faith." *Id.* "To be considered legally sufficient the affidavits must allege *personal* bias or prejudice caused by an extrajudicial source other than what the judge has learned or experienced from his participation in the case." *Sine v. Loc. No. 992 Int'l Bhd. of Teamsters*, 882 F.2d 913, 914 (4th Cir. 1989) (citing *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)). Under 28 U.S.C. § 455(a), the Court must disqualify itself when its "impartiality might reasonably be questioned." But the Court need not recuse itself "simply because of 'unsupported, irrational or highly tenuous speculation.'" *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003) (quoting *United States v. DeTemple*, 162 F.3d 279, 287 (4th Cir. 1998)).

Cooper has not submitted, as required by 28 U.S.C. § 144, an affidavit asserting that this Court has personal bias or prejudice against him caused by an extrajudicial source other than what the judge has learned or experienced from participation in the case. Moreover, Cooper has not shown that the Court's impartiality can reasonably be questioned. Cooper's dissatisfaction with the amount of time it has taken the Court to adjudicate his case is not a reason to question the Court's impartiality. Unfortunately, although the Court addresses each case as expeditiously as possible, the high volume of cases before the Court leads to delays. These delays have nothing to do with the identity of the parties or their claims. The Court is not prejudiced or biased against

Cooper. Cooper has not identified any grounds for disqualification or recusal under § 144 or § 455(a). The motion to disqualify is denied.

### III. Conclusion

The complaint is dismissed without prejudice. The motion to proceed in forma pauperis is granted. The motions for appointment of counsel, for a subpoena, for service of process, and for the Court to rule on his pending motions are denied as moot. The motion for leave to amend and motion for disqualification or recusal are denied. A separate order follows.

February 17, 2026
Date

_____
Deborah L. Boardman
United States District Judge